IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| DEREK VAN VORIS, INDIVIDUALLY, and as LEGAL GUARDIAN OF HIS WIFE, KELLEE VAN VORIS, AN INCOMPETENT ADULT, and as NEXT FRIEND OF AUSTIN VAN VORIS and ALEXANDER VAN VORIS, THEIR MINOR CHILDREN; and KENNETH G. BUTLER and PEGI S. BUTLER, BOTH INDIVIDUALLY and as LEGAL GUARDIANS OF ASHLEE VAN VORIS a/k/a ASHLEE SKEHAN and AARON VAN VORIS a/k/a AARON SKEHAN, MINOR CHILDREN<br><br>Plaintiffs<br><br>VS.<br><br>UNITED STATES OF AMERICA<br><br>Defendant | EP03CA0248<br><br>CIVIL ACTION NO. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs, Derek Van Voris, Individually, and as Legal Guardian of His Wife, Kellee Van Voris, an Incompetent Adult, and as Next Friend of Austin Van Voris, and Alexander Van Voris, Their Minor Children; and Kenneth G. Butler and Pegi S. Butler, Both Individually and as Legal Guardians of Ashlee Van Voris a/k/a Ashlee Skehan and Aaron Van Voris a/k/a Aaron Skehan, Minor Children, hereinafter sometimes referred to as "Plaintiffs," and files this their **Plaintiffs' Original Complaint** complaining of the United States of America, hereinafter sometimes referred to as "Defendant," and would respectfully show the Court the following:

## I.

## **PARTIES, JURISDICTION, SERVICE OF PROCESS, AND VENUE**

1.1     This is a medical malpractice case.

1.2     Plaintiffs, Derek Van Voris, Kellee Van Voris, Austin Van Voris, Alexander Van Voris, Kenneth G. Butler, Pegi S. Butler, Ashlee Van Voris a/k/a Ashlee Skehan, and Aaron Van Voris a/k/a Aaron Skehan reside at 2738 Summerwood Drive, Layton, Utah 84040.

1.3     The Defendant is the United States of America.

1.4     This Federal District Court has jurisdiction of this cause, because this action is brought pursuant to and in compliance with 28 U.S.C §§1346(b), 2671-2680 et seq., commonly known as the "Federal Tort Claims Act," which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

1.5     The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and **Plaintiffs' Original Complaint** on the United States Attorney for the Western District of Texas, by Certified Mail, Return Receipt Requested at his office, United States Attorney, Western District of Texas, U.S. Courthouse, 700 E. San Antonio, Suite 200, El Paso, Texas 79901, to the attention of the Civil Process Clerk, and by serving a copy of the Summons and **Plaintiffs' Original Complaint** on John Ashcroft, Attorney General of the United States, by Certified Mail, Return Receipt Requested, at the Attorney General's Office, 10th and Constitution Avenue, N.W., Washington, DC 20530, to the attention of the Civil Process Clerk.

1.6     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## II.

## LIABILITY OF THE UNITED STATES OF AMERICA

**2.1** This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§2671-2680, commonly referred to as the "Federal Tort Claims Act." Liability of the United States is predicated specifically on Title 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America at William Beaumont Army Medical Center, 5005 North Piedras Street, El Paso, Texas 79920-5001, while acting within the scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual.

## III.

## JURISDICTIONAL PREREQUISITES

**3.1** Plaintiffs plead pursuant to Title 28 U.S.C. §§ 2672 and 2675(a), that the claims set forth herein were filed with and presented administratively to the Defendant's agency, the United States Army. The United States Army denied Plaintiffs claims on March 21, 2003 and on June 5, 2003. Accordingly, Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

## IV.

## THE ARMY IS AN AGENCY OF THE UNITED STATES

**4.1** The United States Army is an agency of the United States of America. The United States of America, Defendant herein, through its agency, the United States Army, at all times material hereto, owned, operated and controlled the health care facility known as the

William Beaumont Army Medical Center, 5005 North Piedras Street, El Paso, Texas 79920-5001, and through its agency, the United States Army, staffed said health care facilities with its agents, servants, and/or employees.

## V.

## EMPLOYMENT AND COURSE AND SCOPE

**5.1** At all times material hereto, all persons involved in the medical and health care services provided to Kellee Van Voris, at William Beaumont Army Medical Center, located at 5005 North Piedras Street, El Paso, Texas, were agents, servants, and/or employees of the Department of the Army, the United States of America, or some other agency thereof, and were at all times material hereto, acting within the course and scope of such employment.

## VI.

## FACTS

**6.1** This is a Federal Tort Claims Action for monetary damages sustained by the Plaintiffs resulting from personal injuries to Kellee Van Voris as a result of substandard, and therefore, negligent medical care.

**6.2** Kellee Van Voris suffered a debilitating brainstem stroke (occlusion of the basilar artery) on December 31, 1997, at the age of 28 years.

**6.3** The etiology or cause of her stroke remained unknown to everyone, including her treating health care providers.

**6.4** Kellee Van Voris, had an echocardiogram (an ultrasound test that visualizes the heart) for the first time on June 8, 2001.

**6.5** The echocardiogram showed a clear atrial septal defect, which is a hole between the chambers of the heart.

**6.6**  Atrial septal defects cause strokes due to an anatomical defect and/or a rhythm disturbance.

**6.7**  It was impossible to determine the cause of Kellee Van Voris' stroke prior to the existence of the echocardiogram data identifying an atrial septal defect.

**6.8**  The first time the probable cause of Kellee Van Voris' stroke became apparent was on June 8, 2001, when the atrial septal defect was first identified.

**6.9**  The signs and symptoms Kellee Van Voris was experiencing and seeking medical care for when she went to William Beaumont Army Medical Center prior to her stroke, were those that should have caused a reasonable prudent physician or health care provider to timely obtain an echocardiogram.

**6.10**  Although an echocardiogram was ordered, one was never obtained due to the failures of U.S. Government personnel and the systems at William Beaumont Army Medical Center.

**6.11**  Had an echocardiogram been timely obtained and its results acted upon in a reasonable and prudent manner, Kellee Van Voris would not have suffered a brainstem stroke.

**6.12**  The etiology or cause of Kellee Van Voris' basilar artery occlusion was unknown to any health care provider and, therefore, to the Plaintiffs until June 8, 2001, when Kellee Van Voris had an echocardiogram.

**6.13**  Kellee Van Voris now suffers severe physical and cognigtive deficits, is severely and permanently disabled, and requires around the clock attendant care as a result of a symptomatic atrial septal defect that was not timely and properly diagnosed and treated.

## VII.

## CAUSES OF ACTION AGAINST THE UNITED STATES OF AMERICA

**7.1** Defendant, the United States of America, was negligent in one or more of the following respects:

1. In failing to timely perform an echocardiogram on Kellee Van Voris;

2. In failing to properly and timely diagnose Kellee Van Voris' atrial septal defect;

3. In failing to timely and properly care for Kellee Van Voris;

4. In failing to timely and properly treat Kellee Van Voris;

5. In failing to timely and properly diagnose Kellee Van Voris;

6. In failing to timely and properly evaluate Kellee Van Voris;

7. In failing to timely and properly monitor Kellee Van Voris; and

8. In failing to timely and properly assess Kellee Van Voris.

**7.2** At all times mentioned herein, the employees, agents, and/or representatives of the United States Government were negligent and causative of the injuries and damages sustained by Plaintiffs.

## VIII.

## DAMAGES

**8.1** As a result of Defendant's negligence Kellee Van Voris has suffered and continues to suffer severe personal injuries including a stroke, paralysis, incapacitation, severe and permanent impairment and other sequelae resulting in damages and injuries, including but not limited to: past and future mental anguish; past and future physical pain and suffering; disfigurement, past and future; permanent physical impairment, past and future; permanent mental impairment, past and future; loss of earnings and earning capacity; past and future medical, health care, and attendant care expenses; loss of years of life expectancy; loss of

enjoyment of life; loss of consortium with her husband Derek Van Voris; loss of consortium with her children, Austin Van Voris, Alexander Van Voris, Ashlee Van Voris a/k/a Ashlee Skehan, and Aaron Van Voris a/k/a Aaron Skehan, and loss of consortium with her parents, Kenneth G. Butler and Pegi S. Butler  Such injuries are, in reasonable probability, permanent in nature. Plaintiff, Derek Van Voris, Individually, and as Legal Guardian of His Wife, Kellee Van Voris, an Incompetent Adult, brings this suit to recover all damages cognizable under the law resulting from the injuries to Kellee Van Voris as a result of the occurrence in question.

**8.2**  As a direct and proximate result of Defendant's negligence, Plaintiff, Derek Van Voris, has sustained damages and injuries including but not limited to loss of consortium with his wife, Kellee Van Voris; past and future mental anguish; past and future medical, health care, and attendant care expenses. Derek Van Voris brings this suit to recover all damages cognizable under the law resulting from the injuries to his wife, Kellee Van Voris, and to himself as a result of the occurrence in question.

**8.3**  As a direct and proximate result of Defendant's negligence, Plaintiffs, Derek Van Voris, as Next Friend of Austin Van Voris, and Alexander Van Voris, who are Kellee and Derek's minor children, each have sustained damages and injuries including but not limited to loss of consortium with their mother, Kellee Van Voris and past and future mental anguish. Derek Van Voris, as Next Friend of Austin Van Voris, and Alexander Van Voris, Kellee and Derek's minor children, bring this suit to recover all damages cognizable under the law resulting from the injuries to their mother, Kellee Van Voris, and to themselves as a result of the occurrence in question.

**8.4** As a direct and proximate result of Defendant's negligence, Plaintiffs, Kenneth G. Butler and Pegi S. Butler, as Legal Guardians of Ashlee Van Voris a/k/a Ashlee Skehan and Aaron Van Voris a/k/a Aaron Skehan, who are Kellee's minor children, have sustained damages

and injuries including but not limited to loss of consortium with their mother, Kellee Van Voris, and past and future mental anguish. Kenneth G. Butler and Pegi S. Butler, as Legal Guardians of Ashlee Van Voris a/k/a Ashlee Skehan and Aaron Van Voris a/k/a Aaron Skehan, Kellee's minor children, bring this suit to recover all damages cognizable under the law resulting from the injuries to their mother, Kellee Van Voris, and to themselves as a result of the occurrence in question.

**8.5**  As a direct and proximate result of Defendant's negligence, Plaintiffs, Kenneth G. Butler and Pegi S. Butler, have sustained damages and injuries including but not limited to loss of consortium with their daughter, Kellee Van Voris; past and future mental anguish; past and future medical, health care, and attendant care expenses; and past and future economic loss from the injury to their daughter. Kenneth G. Butler and Pegi S. Butler brings this suit to recover all damages cognizable under the law resulting from the injuries to their daughter, Kellee Van Voris, and to themselves as a result of the occurrence in question.

## IX.

### MEANING OF "DEFENDANT"

**9.1**  In this Complaint, whenever the term "Defendant" is used, it means Defendant, Defendant's officers, agents, servants, employees, and/or representatives.  Whenever in this Complaint it is alleged that Defendant did any act or thing, it is meant that Defendant, Defendant's officers, agents, servants, employees, and/or representatives did such act or thing, and that at the time such act or thing was done, it was done with the full authorization and ratification of Defendant and was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, and/or representatives. Whenever in this Complaint it is alleged that Defendant omitted any act or thing, it is meant that

Defendant, Defendant's officers, agents, servants, employees, and/or representatives omitted such act or thing.

### X.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs request that the Defendant be cited in terms of law to appear and answer herein: that upon final trial and hearing hereof, the Plaintiffs have judgment against the Defendant, for the amount of actual damages; and for such other and different amounts as they shall show by proper amendment before trial; for post judgment interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other and further relief, at law and in equity, both general and special, to which the Plaintiffs may show themselves entitled and to which the Court believes them deserving.

Respectfully submitted,

_____
**MICHAEL ARCHULETA**
Texas State Bar Number: 00783555
**GEORGE J. HANKO III**
Texas State Bar Number: 08915550
**THE MICHAEL ARCHULETA LAW FIRM**
P.O. Box 340639
Austin, Texas 78734
Telephone: (512) 266-7676
Telefax: (512) 266-4646

**ATTORNEYS FOR PLAINTIFFS**