RECEIVED
SEP 28 2004
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| DEREK VAN VORIS, INDIVIDUALLY, and as § <br> LEGAL GUARDIAN OF HIS WIFE, KELLEE § <br> VAN VORIS, AN INCOMPETENT ADULT, § <br> and as NEXT FRIEND OF AUSTIN § <br> VAN VORIS and ALEXANDER VAN VORIS, § <br> ASHLEE VAN VORIS AND AARON VAN § <br> VORIS THEIR MINOR CHILDREN; § <br> KENNETH G. BUTLER and § <br> PEGI S. BUTLER, Individually § <br> § <br> § CIVIL ACTION NO. EP 03CA0248-DB <br> § <br> § <br> Plaintiffs § <br> § <br> VS. § <br> § <br> UNITED STATES OF AMERICA § <br> § <br> Defendant § | |

**ORDER APPROVING SETTLEMENT ON BEHALF OF INCOMPETENT PARTIES**

On this 28 day of SEPT., 2004, the above-referenced matter came on for hearing and approval by the Court as to the reasonableness of a settlement between the United States of America and Kellee Van Voris, an incompetent adult, and her minor children, Austin Van Voris, Alexander Van Voris, Ashlee Van Voris, and Aaron Van Voris. Plaintiffs Derek Van Voris, Kenneth G. Butler, and Pegi S. Butler, appeared individually and through counsel of record. Plaintiff Derek Van Voris also appeared as Legal Guardian of his wife, Kellee Van Voris and as next friend of Austin Van Voris, Alexander Van Voris, Ashlee Van Voris and Aaron Van Voris, minor children through counsel of record on their behalf.

Plaintiffs Kellee Van Voris, an incompetent adult, and her minor children, Austin Van Voris, Alexander Van Voris, Ashlee Van Voris, and Aaron Van Voris appeared through counsel of record and Guardians Ad Litem. Defendant United States of America appeared through its counsel.

The complete and precise terms and conditions of the settlement are set forth in the Stipulation For Compromise Settlement And Release Of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 (hereinafter "Stipulation For Compromise"), attached as Exhibit "A". The Court has reviewed the Stipulation For Compromise, taken testimony, and heard arguments in favor of this settlement. The Court is fully informed of the specifics of the full and final terms and conditions of the settlement. The Court finds that this settlement is fair, reasonable, and in the best interests of Plaintiffs Kellee Van Voris, an incompetent adult, and her minor children, Austin Van Voris, Alexander Van Voris, Ashlee Van Voris and Aaron Van Voris. The Court additionally understands that this settlement is contingent upon the satisfaction of the terms set forth in Exhibit A, including the following: approval by the Attorney General of the United States; and Court approval of this Order Approving the Settlement On Behalf of Incompetent Parties: Plaintiffs Kellee Van Voris, an incompetent adult, and her minor children, Austin Van Voris, Alexander Van Voris, Ashlee Van Voris, and Aaron Van Voris. Prior to Plaintiffs disbursing any settlement funds they agree to satisfy or resolve the Medicaid lien. Additionally, Plaintiffs agree to withhold $300,000.00 of settlement funds, once paid, in Plaintiffs' attorneys' trust account for a period of four years commencing the date the Court approves the Order Approving Settlement on Behalf of Incompetent Parties for the sole purpose of paying any and all liens or claims that any State, other public entity, or private entity or individual may have now or in the future against the United States (and its agents, servants and

employees) arising out of the subject matter of this action. Plaintiffs further agree that any trust or successor in interest trust for the use and benefit of the plaintiffs expressly contain an irrevocable provision to hold the United States harmless for any and all liens or claims that any State, or other public entity, or private entity or individual may have now or in the future against the United States (and it s agents, servants and employees) arising out of the subject matter of this action. The parties agree that any trust, or successor in interest trust, for the use and benefit of Kellee Van Voris will be primarily responsible to hold the United States harmless as stated above, and that any other trusts for the use and benefit of the plaintiffs, or successor in interest trust, will only be used for such purposes if any trust for the use and benefit of Kellee Van Voris, or successor in interest trust, would have insufficient funds to hold the United States harmless as stated above. The parties agree that, prior to the creation of any trusts for the use and benefit of the plaintiffs, or successor in interest trust, the United States will have the right and be given the opportunity to verify that the terms of the trust, or successor in interest trust, will have language specifically implementing the hold harmless agreement as stated above.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the settlement, as set forth in Exhibit A is hereby approved. It is further Ordered that Derek Van Voris, Kenneth G. Butler, and Pegi S. Butler, the attorneys of record for the Plaintiffs, and the Guardians Ad Litem for Plaintiffs Kellee Van Voris, an incompetent adult, and her minor children, Austin Van Voris, Alexander Van Voris, Ashlee Van Voris, and Aaron Van Voris are authorized and required to sign the Stipulation For Compromise, along with any other documents that are necessary to consummate this settlement on behalf of Plaintiffs Kellee Van Voris, an incompetent adult, and her minor children, Austin Van Voris, Alexander Van Voris, Ashlee Van Voris, and Aaron Van Voris.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the settlement amount of $10,000,000.00 is a cash settlement and that no portion of the settlement amount shall constitute or be used for a structured settlement or a Qualified Settlement Fund. The Court finds that Plaintiffs' last demand for settlement included the following statement:

> On behalf of all Plaintiffs, both guardian *ad litem*, and the undersigned, Plaintiffs (as payees) hereby offer to fully and finally settle the above-styled and numbered action with the United States (as payor) for a present value amount of ten million dollars on or before 4:00 p.m. August 21, 2004, subject to the following terms and conditions:
>
> Said present value offer and any part thereof of ten million dollars shall not be reversionary in any way. Plaintiffs, their attorneys, and their guardian *ad litem* by agreement will control what present value amounts are paid to fund structured annuities, if any, and what amounts are paid in cash, or into trusts. Said structured annuities (as long as they qualify under the UPPJ Act) and trusts shall be of Plaintiffs (and their guardians *ad litem* and attorneys) own choosing.

The Court further finds that the Plaintiffs' last demand, including the terms and conditions set forth above were expressly rejected by the United States and that in response the United States offered a cash settlement with the express condition that the Plaintiffs and their attorneys and guardians *ad litem* agree that no portion of the cash settlement would be used to purchase structured settlement annuities or to facilitate the purchase of structured settlement annuities. The Stipulation For Compromise expressly provides that no portion of the settlement shall be deposited in a Qualified Settlement Fund (otherwise known as a 468B fund). Accordingly, the Court Orders that the Plaintiffs, their attorneys, and their guardians and guardian *ad litem* shall not use any portion of the settlement amount to purchase structured settlement annuities, shall not deposit any portion of the settlement amount in any type of account that might be used for purchase structured settlement annuities or to facilitate the purchase of structured settlement annuities, and shall not deposit any portion of the settlement amount in a Qualified Settlement Fund or its equivalent.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the settlement amount shall be distributed according to the terms and conditions of the Stipulation For Compromise. It is further Ordered that attorneys' fees in this action shall be twenty-five percent (25%) of $10,000,000.00 and shall be paid as provided in the Stipulation For Compromise. The Court finds and Orders that legal services, if any, by the Guardians and Guardians Ad Litem shall constitute attorneys' fees subject to 28 U.S.C. § 2678 and shall be paid out of the settlement amount and not in addition thereto. The Court finds that the costs and expenses associated with the litigation are fair, reasonable, and necessary. It is hereby Ordered that such costs and expenses are approved and are to be paid out of the settlement amount and not in addition thereto.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Plaintiffs are legally responsible for any and all liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by Medicaid, Medicare, or healthcare providers. The Court hereby Orders Plaintiffs, by and through their attorneys, to satisfy, resolve, or set aside the agreed funds to pay any and all such liens or claims for payment or reimbursement asserted by any individual or entity. The Court further Orders that Plaintiffs, and their attorneys shall provide to the United States the information required by the Stipulation For Compromise regarding the satisfaction or resolution of such liens or claims for payment or reimbursement and the agreed withholding of funds for payment of such liens or claims within the time specified in the said Stipulation For Compromise. The Court further Orders that Plaintiffs' attorneys shall not distribute to Plaintiffs any portion of the settlement amount unless and until such liens or claims for payment or reimbursement have been satisfied or resolved and $300,000.00 in settlement funds have been withheld in Plaintiffs' attorneys' trust account for payment of such

liens or claims, if any. The Court further orders that that any trust or successor in interest trust for the use and benefit of the plaintiffs expressly contain an irrevocable provision to hold the United States harmless for any and all liens or claims that any State, or other public entity, or private entity or individual may have now or in the future against the United States (and its agents, servants and employees) arising out of the subject matter of this action.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiffs, upon final execution of the Stipulation for Compromise and after the payment of the settlement amount by the United States, shall cause to be filed with the Court a dismissal of this action with prejudice, with each party bearing its own costs, expenses, and fees.

Dated this 28TH day of SEPT., 2004.

_____
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND CONTENT:

_____
Clayton R. Diedrichs
Assistant United States Attorney
Attorney for United States of America

_____
Michael E.J. Archuleta
The Michael Archuleta Law Firm
Attorney for Plaintiffs

_____
Hector M. Zavaleta

Van Voris v. United States
Order Approving Settlement On Behalf
Of Incompetent Adult And Minor Children

6

As Guardian ad Litem for
Kellee Van Voris, an Incompetent Adult

_____
Mark Briggs
As Guardian ad Litem for
Austin Van Voris, Alexander Van Voris,
Ashlee Van Voris, and Aaron Van Voris,
Minor Children